IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PATRICIA BLOUNT, and SANTA FE RANCH ENTERPRISES, LLC f/k/a SANTA FE RANCH HOLDINGS, LLC,<br><br>*Plaintiffs*,<br><br>vs.<br><br>NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>*Defendant.* | Case No. |

## NOTICE OF REMOVAL

Defendant Nationwide Agribusiness Insurance Company ("Nationwide"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the above-captioned action from the Circuit Court of Lawrence County, Missouri, Case No. 19LW-CC00041, to the United States District Court for the Western District of Missouri. Nationwide asserts the following grounds supporting removal:

**I.     NATURE OF THE INSTANT ACTION**

1. This action involves allegations that Plaintiffs Santa Fe Ranch Enterprises, LLC f/k/a Santa Fe Ranch Holdings, LLC ("Santa Fe Ranch") and Patricia Blount (collectively, "Plaintiffs") sustained damages as a result of Nationwide's handling and settlement of claims arising from a fire loss that occurred on Plaintiffs' ranch property allegedly resulting in the destruction of solar panels.

2. On April 16, 2019, Plaintiffs filed their Petition in the Circuit Court of Lawrence County, Missouri, Case No. 19LW-CC00041 (the "State Court Action"). A copy of the Petition is attached as **Exhibit 1.2**.

1

3. In the Petition, Plaintiffs allege they "are the insureds to an insurance policy with [Nationwide] with the policy number FPK FMPN72-2-6115826" (the "Policy"). Pet. at ¶ 6. Plaintiffs allege the Policy was in effect during August 2015, and provided liability coverage that covered Plaintiffs' ranch near Miller, Missouri (the "Ranch"). *Id.* at ¶¶ 17-18. Plaintiffs further allege in July 2015, Mark and Robin McCollough entered into an agreement with Solar Sun World, LLC ("Solar Sun World") for the purchase and installation of seven solar photovoltaic systems on the Ranch. *Id.* at ¶ 15. On August 12, 2015, approximately 704 solar panels, arranged on 24 pallets, were delivered to and stored at the Ranch. *Id.* at ¶ 19. Plaintiffs allege on August 16, 2015, a fire occurred on the Ranch, destroying all but one pallet of the solar panels. *Id.* at ¶ 20.

4. Plaintiffs claim Nationwide paid $55,000 to claimant Solar Sun World in "full settlement of all claims" arising from the fire loss, but that Nationwide allegedly "failed to include in the settlement agreement, language releasing Plaintiffs' owners and agents from future claims arising out of the same occurrence." *Id.* at ¶¶ 23-25. Plaintiffs particularly suggest that the Nationwide release should have included parent company Santa Fe Solar Investments, LLC ("Santa Fe Solar"). *See id.* at ¶¶ 23, 25, 27 ("Plaintiff Santa Fe Ranch [] is a member of [parent company] Santa Fe Solar []."). Plaintiffs contend that as a result of the allegedly under-inclusive release drafted by Nationwide, Solar Sun World then sued, among other defendants, Plaintiffs and parent company Santa Fe Solar in North Carolina state court for damages allegedly resulting from the fire loss (the "Underlying Lawsuit"). *Id.* at ¶ 26. Plaintiffs allege they were "forced to litigate" with claimant Solar Sun World and "subjected to additional litigation costs and attorney's fees" in the Underlying Lawsuit as a result of Nationwide's allegedly under-inclusive release. *Id.* at ¶¶ 29, 41. Plaintiffs allegedly settled claimant Solar Sun World's claims against Plaintiffs and Plaintiffs' "owners and agents" (including parent company Santa Fe Solar) for $40,000. *Id.* at ¶ 31, Ex. A.

5. In the instant action, Plaintiffs assert separate claims against Nationwide for "failure to produce insurance file," negligence, and "insurance bad faith." *Id.* at 2-6. Plaintiffs' Petition seeks, in part, an unspecified amount of actual and compensatory damages, reasonable attorney's fees, punitive damages, and attorney's fees incurred in connection with the Underlying Lawsuit. *See generally id.*

## II. PAPERS FROM THE REMOVED ACTION

6. In accordance with 28 U.S.C. § 1446(a), Nationwide attaches as **Exhibit 1** to this Notice of Removal a copy of all process, pleadings, and orders served upon it in this action:

**Exhibit 1**: Index of Matters Being Filed (including the docket sheet of the underlying State Court Action and each document filed in the State Court Action).

## III. GROUNDS FOR REMOVAL

7. Pursuant to 28 U.S.C. § 1441, Nationwide removes this action to the district court of the United States for the district and division embracing the place where the action is pending. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is being filed within thirty days after Nationwide first received notice of the filing of this action and a copy of Plaintiffs' Petition.

### A. Complete diversity of citizenship exists between the parties.

8. Upon information and belief, Plaintiff Patricia Blount is a Florida resident who principally resides there. Pet. at ¶ 1 ("Plaintiff Patricia Blount is an individual who lives in the state of Florida…."). She is, therefore, a citizen of Florida.

3

4815-9485-8391 v4

Case 3:19-cv-05040-SRB   Document 1   Filed 05/22/19   Page 3 of 10

9. Plaintiff Santa Fe Ranch is a Florida limited liability company. *Id.* at ¶ 2. Upon information and belief, Plaintiff Santa Fe Ranch has its principal place of business in Florida and its sole member and/or manager is Florida citizen Plaintiff Patricia Blount. Plaintiff Santa Fe Ranch is, therefore, a citizen of Florida for purposes of determining diversity jurisdiction.[1]

10. Plaintiffs allege Nationwide is a foreign insurance company doing business in Missouri. *Id.* at ¶ 3. Indeed, Nationwide was and is a non-citizen of both Missouri and Florida.[2]

11. Accordingly, complete diversity of citizenship exists between the parties because Plaintiffs are not citizens of the same state as Nationwide. *See* 28 U.S.C. § 1332(a)(1).

**B. The amount-in-controversy is satisfied.**

12. "The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. §§ 1332(a), 1441(a). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves 'by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].'" *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014) (quoting § 1446(c)(2)). In making this determination, "the question is not whether the damages will exceed the jurisdictional amount, but whether a fact finder might legally find that the damages exceed that amount." *Waltz v. FedEx Office & Print Servs., Inc.*, No. 2:12-CV-04188-NKL, 2012 WL 5386058, at *1 (W.D. Mo. Nov. 2, 2012) (citing *Bell v. Hershey*, 557 F.3d 954, 959 (8th Cir. 2009)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied,

---

[1] Although Plaintiffs' Petition is removable on its face under 28 U.S.C. § 1332, out of an abundance of caution, Nationwide offers certain filings submitted to the Florida Secretary of State on behalf of Plaintiff Santa Fe Ranch, attached as **Exhibit 2**, that demonstrate Plaintiff Santa Fe Ranch's Florida citizenship.

[2] Nationwide is an insurance company organized, incorporated, and existing under the laws of the State of Iowa with its principal place of business located in Des Moines, Iowa. Nationwide is, therefore, a citizen of Iowa for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012).

13. Here, under Counts I and II (for "failure to produce insurance file" and "negligence," respectively), Plaintiffs seek actual and compensatory damages, as well as punitive damages and reasonable attorney's fees. Pet. at 2-5. Under Count III, Plaintiffs assert a claim against Nationwide for its alleged "insurance bad faith" related to claimant Solar Sun World's claims against Plaintiffs and Plaintiffs' owners and agents, seeking an unspecified amount of actual and compensatory damages, and punitive damages. *See generally* Pet. As part of Count III, Plaintiffs again allege entitlement to an undisclosed amount of attorney's fees incurred in connection with the Underlying Lawsuit. *Id.* at ¶ 41.

14. Particularly, Plaintiffs allege they paid $40,000 to claimant Solar Sun World to settle claims brought against Plaintiffs and Plaintiffs' owners and agents in the Underlying Lawsuit; Plaintiffs contend this $40,000 sum would not have been incurred, absent Nationwide's allegedly under-inclusive release. *Id.* at ¶¶ 31–33. Plaintiffs attached to their Petition a copy of the Settlement Agreement and Release of Claims from the Underlying Lawsuit, purportedly evidencing Plaintiffs' payment of $40,000 to claimant Solar Sun World. *Id.* at ¶ 31, Ex. A. For their Count I for "failure to produce insurance file" claim, Plaintiffs contend that "special circumstances" exist supporting an award of attorney's fees. *Id.* at ¶ 13. Similarly, under Count III for "insurance bad faith," Plaintiffs assert they "were subjected to additional litigation costs and attorney's fees" arising out of the Underlying Lawsuit. *Id.* at ¶ 41.

15. In addition to the $40,000 Plaintiffs claim they would not have otherwise incurred (but for Nationwide's alleged conduct), this Court must also take into account Plaintiffs' claim for

5

4815-9485-8391 v4

Case 3:19-cv-05040-SRB   Document 1   Filed 05/22/19   Page 5 of 10

attorney's fees in calculating the amount in controversy for satisfying the jurisdictional minimum. *Id.* at ¶¶ 31–33; *see Harleman Mfg., LLC v. Pengo Corp.*, No. 14-cv-03498-MDH, 2015 WL 1275444, at *2 (W.D. Mo. Mar. 19, 2015) (finding plaintiff's prayer for attorney's fees counted towards the jurisdictional minimum for diversity jurisdiction); *see also Feller v. Hartford Life and Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1104 (S.D. Iowa 2010) (citing *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) and noting "it is well settled that the amount claimed for attorneys fees must be added to the principal sum sued for in determining the amount in controversy. . .").

16.  Claimant Solar Sun World filed the Underlying Lawsuit on December 7, 2016.[3] The parties actively litigated the Underlying Lawsuit for nearly a year and a half. *See* Docket Sheet, **Ex. 3**; *see also* Ex. A to Pet. at 2. In fact, the Settlement Agreement and Release of Claims from the Underlying Lawsuit (purportedly negotiated by Plaintiffs) is dated May 1, 2018. *See id.* The amount Plaintiffs paid to resolve the Underlying Lawsuit ($40,000) combined with their previously incurred attorneys fees arising out of the Underlying Lawsuit (undoubtedly greater than $35,000 over a year and a half of active litigation involving multiple defendants) is greater than the $75,000 jurisdictional minimum for diversity jurisdiction. Nationwide, therefore, has satisfied the amount in controversy element by a preponderance of the evidence.

17.  Notwithstanding, and on top of the claims for compensatory damages, Plaintiffs allege punitive damages under all three counts in their Petition. "Punitive damages are included in determining the amount in controversy, unless it is apparent to a legal certainty that punitive damages may not be recovered." *Frump ex rel. Aubuchon v. Claire's Boutiques, Inc.*, No. 10-

---

[3] *See* Docket Sheet, *Solar Sun World LLC v. Santa Fe Solar Investments LLC, et al.*, Case No. 16 CVS 005229, Superior Court of Buncombe County, North Carolina, attached as **Exhibit 3**.

1106-CV-W-SWH, 2011 WL 1103055, at *4 (W.D. Mo. Mar. 2011); *see also Harleman Mfg., LLC*, 2015 WL 1275444, at *2 (finding punitive damages count toward the jurisdictional minimum for diversity jurisdiction); *Watson v. Wells Fargo Bank, N.A.*, No. 4:18-CV-1163-RWS, 2018 WL 3742743, at *1 (E.D. Mo. Aug. 7, 2018) (citing *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001)); *Slocum v. Gerber Products Co.*, No. 2:16-cv-04120-NKL, 2016 WL 3983973, at *3 (W.D. Mo. July 25, 2016).

18. In Missouri, a cause of action for "bad faith," for instance, is an independent tort supporting the submission of punitive damages in certain circumstances. *See, e.g., Shobe v. Kelly*, 279 S.W.3d 203 (Mo. Ct. App. 2009) (evidence supported punitive damages award of $500,000 for insurer's bad faith). In support of their instant punitive damages claim, Plaintiffs allege Nationwide's conduct—in drafting the supposedly under-inclusive release as to claimant Solar Sun World's claims against Plaintiffs and Plaintiffs' owners and agents—constitutes "reckless disregard for the rights of others" and a breach of fiduciary duty to Plaintiffs. *Id.* at ¶¶ 12, 37, 42; *see also Feller*, 817 F. Supp. 2d at 1104 (denying motion to remand in light of prospect that fact finder would only need to award bad faith punitive damages "for an amount slightly greater than half of the [$50,000] contractual amount sought" to outstrip the $75,000 jurisdictional threshold).

19. Thus, based on the allegations contained in Plaintiffs' Petition, the fact finder could legally find the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)(i).

**C. Removal is timely.**

20. Nationwide received notice of the filing of this action and a copy of Plaintiffs' Petition on April 23, 2019.

7

4815-9485-8391 v4
Case 3:19-cv-05040-SRB   Document 1   Filed 05/22/19   Page 7 of 10

21. This Notice of Removal is timely because it is filed within thirty days after Nationwide first received a copy of Plaintiffs' Petition, and because it is filed less than one year after this action commenced. *See* 28 U.S.C. § 1446(b) and (c).

## IV. <u>VENUE IS PROPER</u>

22. Pursuant to 28 U.S.C. § 116(c), the United States District Court for the Western District of Missouri is the federal judicial district encompassing the Circuit Court of Lawrence County, Missouri, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

## V. <u>FILING OF REMOVAL PAPERS</u>

23. Pursuant to 28 U.S.C. 1446(d), Nationwide will promptly file a Notice of Filing Notice of Removal, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal, with the clerk of the court for the Circuit Court of Lawrence County, Missouri where the instant action was pending, and will serve a copy of the same upon counsel for Plaintiffs.

## VI. <u>CONCLUSION AND PRAYER</u>

24. Nationwide has satisfied all conditions and procedures for removal. If any questions of the propriety of this removal arise, Nationwide respectfully requests an opportunity to present a brief and argument as to why removal is proper. By filing this Notice of Removal, Nationwide does not waive any jurisdictional or other defenses that might be available to it. In addition, Nationwide expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims, and reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Nationwide respectfully removes the above-captioned action from the Circuit Court of Lawrence County, Missouri to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

Respectfully submitted,

*/s/ Douglas S. Beck*
SHOOK, HARDY & BACON L.L.P.
Douglas S. Beck        MO #49984
W. Clark Richardson    MO #66948
Bradley S. Thomas      MO #68811
2555 Grand Blvd.,
Kansas City, MO 64108
(816) 474-6550 (telephone)
(816) 421-5547 (facsimile)
dbeck@shb.com
wrichardson@shb.com
bsthomas@shb.com
*Attorneys for Defendant Nationwide Agribusiness Insurance Company*

9

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document on May 22, 2019, using the Court's CM/ECF filing system, thereby sending notice of the filing to all counsel of record for this matter, including the following:

Judson B. Poppen     MO #51070
Ryan D. Frazier     MO #69081
NEALE & NEWMAN, LLP
1949 East Sunshine, Suite 1-130
Springfield, MO 65804
P.O. Box 10327
(417) 882-9090 (telephone)
(417) 882-2529
jpoppen@nnlaw.com
rfrazier@nnlaw.com
*Attorneys for Plaintiffs Patricia Blount and*
*Santa Fe Ranch Enterprises, LLC f/k/a Santa Fe Ranch Holdings, LLC*

                                       /s/ Douglas S. Beck
                                       *Attorney for Defendant Nationwide*
                                       *Agribusiness Insurance Company*

10

4815-9485-8391 v4

Case 3:19-cv-05040-SRB  Document 1  Filed 05/22/19  Page 10 of 10