# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

PATRICIA BLOUNT, and SANTA FE
RANCH ENTERPRISES, LLC f/k/a
SANTA FE RANCH HOLDINGS, LLC,

*Plaintiffs*,

vs.                                                     Case No.

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY,

*Defendant.*

## INDEX OF MATTERS BEING FILED

EXHIBIT 1:

     1.      State Court Action Docket Sheet

     2.      Plaintiffs' Petition (4/16/19)

     3.      Summons in Civil Case (4/17/19)

     4.      Return Summons in Civil Case (5/9/19)

     5.      Affidavit of Service (5/15/19)

# EXHIBIT 1.1



# EXHIBIT 1.2

Electronically Filed - Lawrence - April 16, 2019 - 04:26 PM

**IN THE CIRCUIT COURT OF LAWRENCE COUNTY, MISSOURI**

| | | |
|---|---|---|
| PATRICIA BLOUNT, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| SANTA FE RANCH ENTERPRISES, LLC, | ) | |
| f/k/a SANTA FE RANCH HOLDINGS, LLC, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| NATIONWIDE AGRIBUSINESS INS. CO., | ) | |
| **Serve:** | ) | |
| **John Rehagen, Director of Insurance** | ) | |
| **Missouri Department of Insurance** | ) | |
| **Truman State Office Building, Room 530** | ) | |
| **Jefferson City, MO 65102** | ) | |
| | ) | |
| *Defendant.* | ) | |

## PETITION

COME NOW Plaintiffs, Patricia Blount and Santa Fe Ranch Enterprises, LLC f/k/a Santa Fe Ranch Holdings, LLC, and for their cause of action against Defendant Nationwide Agribusiness Insurance Company, states as follows:

1. Plaintiff Patricia Blount is an individual who lives in the state of Florida and is authorized to maintain this action.

2. Plaintiff Santa Fe Ranch Enterprises, LLC f/k/a Santa Fe Ranch Holdings, LLC d/b/a Santa Fe Ranch is a Florida limited liability company licensed to do business in Missouri and is authorized to maintain this action.

1

3.      Defendant, Nationwide Agribusiness Insurance Company is a foreign insurance company regulated by the Missouri Department of Insurance authorized to do business and in good standing with the state of Missouri and can be reached for service at the above referenced address.

4.      Venue and jurisdiction are proper in this Court pursuant to RSMo. § 508.010.

## COUNT I – FAILURE TO PRODUCE INSURANCE FILE

COME NOW Plaintiffs, Patricia Blount and Santa Fe Ranch, and in support of Court I against Defendant, states as follows:

5.      Plaintiffs incorporate paragraphs 1 through 4 of their Petition as set forth herein.

6.      Plaintiffs Patricia Blount and Santa Fe Ranch Holdings, LLC are the insureds to an insurance policy with Defendant with the policy number FPK FMPN72-2-6115826, hereinafter the Policy.

7.      Plaintiffs are the rightful owners of the insurance claims file for the Policy, however, the claims file is in the possession of Defendant.

8.      Defendant owes a fiduciary duty to Plaintiffs.

9.      Defendant had a legal duty to produce the insurance claims file to Plaintiffs' upon request.

10.     Defendant failed and refused to produce the insurance claims file to Plaintiffs' upon request.

11.     Defendant breached its legal and fiduciary duty to its insureds, Plaintiffs, by failing and refusing to produce the insurance claims file for the Policy.

12.     Plaintiff is owed punitive damages for the breach of fiduciary duty by Defendant.

13. Plaintiff is owed attorneys' fees for the existence of special circumstances in that Defendant has breached a legal duty to Plaintiffs by failing to produce the insurance claims file for the Policy.

WHEREFORE, pursuant to Count I, Plaintiffs requests that this Court enter Judgment in favor of Plaintiffs and against Defendant Nationwide for sum fair and reasonable, for punitive damages, for reasonable attorney's fees and court costs incurred herein, and for all further relief as the Court deems just and proper.

## COUNT II – NEGLIGENCE

COME NOW Plaintiffs, Patricia Blount and Santa Fe Ranch Holdings, LLC, and in support of Court II against Defendant, states as follows:

14. Plaintiff incorporates paragraphs 1 through 13 of their Petition as set forth herein.

15. In July of 2015, Mark and Robin McCollough entered into an agreement with Solar Sun World, LLC for the installation of 7 solar photovoltaic systems on a ranch owned by Plaintiffs, near Miller Missouri (the "Ranch").

16. Plaintiffs were third-party beneficiaries to the agreement with Solar Sun World, LLC for the purchase and installation of the Solar Panels at the Ranch.

17. Plaintiffs Patricia Blount and Santa Fe Ranch Holdings, LLC were parties to the Policy, which was renewed each year on May 15 and covered many things, farm liability coverage.

18. The Policy was in effect during the entire month of August of 2015.

19. On or about August 12, 2015, approximately 704 solar panels for the construction of the solar arrays, arranged on 24 pallets, were delivered to the Ranch and stored at the Ranch.

20. On or about August 16, 2015, the barn at the Ranch caught fire, destroying all but one pallet of the solar panels.

21. The cause of the fire is still unknown.

22.     Solar Sun World, LLC threatened to sue Defendants Patricia Blount and Santa Fe Ranch Holdings, LLC.

23.     Upon information and belief, on account of the threat against Plaintiffs, Defendant Nationwide agreed to pay Solar Sun World, LLC $55,000.00 for a full settlement of all claims, although Plaintiffs were never informed of such action taken by Defendant Nationwide.

24.     Defendant Nationwide and Solar Sun World, LLC entered into a settlement agreement whereby Defendant Nationwide paid Solar Sun World, LLC $55,000.00.

25.     Defendant Nationwide, however, failed to include in the settlement agreement, language releasing Plaintiffs' owners and agents from future claims arising out of the same occurrence.

26.     Solar Sun World, LLC then filed suit against Santa Fe Solar Investments, LLC, William Mark McCollough, Robin A. McCollough, Santa Fe Ranch, Patricia M. Blount, in North Carolina, Civil Action No. 16-CVS-5229 (hereinafter the "Lawsuit") arising from the loss of the 23 pallets of solar panels that were destroyed at the Ranch on August 12, 2015.

27.     Plaintiff Santa Fe Ranch Holdings, LLC is a member of Santa Fe Solar Investments, LLC.

28.     Santa Fe Solar Investments operates the solar energy system at the Ranch on behalf of Santa Fe Ranch Holdings, LLC.

29.     Plaintiffs were forced to litigate with Solar Sun World, LLC and incurred legal bills.

30.     Plaintiffs requested the insurance file from Defendant Nationwide, in order to obtain all of the settlement documents from the prior settlement negotiations, but were never provided any documents.

4

31.     Plaintiffs settled the claims against them in the amount of $40,000.00 and paid that amount to Solar Sun World, LLC.  A copy of the Settlement Agreement and Release of Claims is attached hereto as "Exhibit A."

32.     On account of the $40,000.00 payment, Plaintiffs were finally released from any and all claims of Solar Sun World, LLC on account of the fire at the Ranch.

33.     Plaintiffs' agents would have never been sued by Solar Sun World, LLC in the Lawsuit if Defendant would have properly drafted a release agreement in the first settlement with Solar Sun World, LLC to include all agents and members of Santa Fe Ranch Holdings, LLC and the other insureds.

34.     Defendant owed a duty to Plaintiffs to draft the release in a manner that would fully release all agents and members of Santa Fe Ranch Holdings, LLC and the other insureds.

35.     Defendant breached that duty by either failing to execute a release of claims or failing to release of claims that properly released all insureds of Defendant Nationwide.

36.     Due to the breach of Defendant, Plaintiffs proximately were damaged.

37.     As the result of Defendant's reckless disregard for the rights of others, Defendant Nationwide should be assessed, and Plaintiffs are entitled to, punitive damages in an amount fair and reasonable to be determined by proof at trial so that Defendant is punished and deterred from like conduct in the future.

WHEREFORE, pursuant to Count II, Plaintiffs requests that this Court enter Judgment in favor of Plaintiffs and against Defendant Nationwide for sum fair and reasonable, for punitive damages, for court costs incurred herein, and for all further relief as the Court deems just and proper.

Electronically Filed - Lawrence - April 16, 2019 - 04:26 PM

## COUNT III – INSURANCE BAD FAITH

COME NOW Plaintiffs, Patricia Blount and Santa Fe Ranch Holdings, LLC, and in support of Court III against Defendant, states as follows:

38.     Plaintiff incorporates paragraphs 1 through 37 of their Petition as set forth herein.

39.     On account of the aforementioned claim against Plaintiffs by Sun World, LLC, Defendant Nationwide retained the exclusive control of the settlement under the terms of its insurance policy.

40.     Defendant Nationwide negotiated a settlement with Sun World, LLC that was in Defendant's best interest and not the best interests of its insureds (i.e., the Plaintiffs).

41.     On account of Defendant Nationwide's bad faith, Plaintiffs were subjected to additional litigation costs and attorney's fees.

42.     As the result of Defendant's reckless disregard for the rights of others, Defendant Nationwide should be assessed, and Plaintiffs are entitled to, punitive damages in an amount fair and reasonable to be determined by proof at trial so that Defendant is punished and deterred from like conduct in the future.

WHEREFORE, pursuant to Count III, Plaintiffs requests that this Court enter Judgment in favor of Plaintiffs and against Defendant Nationwide for sum fair and reasonable, for punitive damages, for court costs incurred herein, and for all further relief as the Court deems just and proper.

NEALE & NEWMAN, LLP

By

     Judson B. Poppen, #51070
     Ryan D. Frazier, # 69081

1949 East Sunshine, Suite 1-130
P. O. Box 10327
Springfield, Missouri 65808
Telephone: (417) 882-9090
Facsimile: (417) 882-2529
Email: jpoppen@nnlaw.com
       rfrazier@nnlaw.com

ATTORNEYS FOR PLAINTIFFS

7

Electronically Filed - Lawrence - April 16, 2019 - 04:26 PM

STATE OF NORTH CAROLINA

COUNTY OF BUNCOMBE

**SETTLEMENT AGREEMENT
AND RELEASE OF CLAIMS**

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Settlement Agreement") is entered into and made effective this the ___/___ day of May, 2018, by and among Solar Sun World, LLC ("Solar Sun World"), party of the first part; and Santa Fe Solar Investments, LLC ("Santa Fe Solar Investments"), William Mark McCollough ("M. McCollough"), Robin A. McCollough (R. McCollough"), parties of the second part (collectively the "Defendants Santa Fe Solar Investments and McCollough").  The party of the first part and the parties of the second part shall be referred to herein collectively as the "Parties."

W I T N E S S E T H :

WHEREAS, Solar Sun World, LLC is a Georgia Limited Liability Company;

WHEREAS, Santa Fe Solar Investments is a North Carolina Limited Liability Company;

WHEREAS, M. McCollough and R. McCollough are residents of Buncombe County, North Carolina;

WHEREAS, in or about July 2015, Solar Sun World entered into seven (7) contracts with M. McCollough, R. McCollough or, alternatively, Santa Fe Solar Investments, for the installation of seven (7) solar photovoltaic systems on a ranch near Miller, Missouri ("the ranch") which is owned by an entity in which Patricia M. Blount is a member;

WHEREAS, on or about August 12, 2015, approximately 704 solar panels for the construction of the solar arrays, arranged on 24 pallets, were delivered to the ranch and stored in a hay barn on the ranch property;

WHEREAS, on or about August 16, 2015, the hay barn caught on fire, destroying all but one pallet of the solar panels;

WHEREAS, the cause of the fire was listed as "undetermined";

WHEREAS, Solar Sun World and Santa Fe Solar Investments subsequently entered into a new contract for the installation of the solar arrays on the ranch and Solar Sun World has been paid, in full, pursuant to the terms of the contract;

**EXHIBIT**

A

WHEREAS, Solar Sun World filed suit against the Defendants Santa Fe Solar Investments and McCollough, Santa Fe Ranch, LLC ("Santa Fe Ranch") and Patricia M. Blount (P. Blount") (collectively the "Defendants") in the Superior Court of Buncombe County, North Carolina, Civil Action No. 16-CVS-5229 ("Lawsuit") arising from the loss of the 23 pallets of solar panels, wherein Solar Sun World raised claims of breach of contract, quantum meruit, fraud, conspiracy, negligence, and Unfair and Deceptive Trade Practices;

WHEREAS, Defendants Answered the Complaint, denying the material allegations contained in the Lawsuit, and Defendant Santa Fe Solar Investments interposed a Counterclaim against Solar Sun World for breach of contract due to improper installation of the solar arrays (the "Counterclaim");

WHEREAS, Santa Fe Ranch and P. Blount (the "Dismissed Defendants") were dismissed from the Lawsuit pursuant to a Rule 12(b) motion; and,

WHEREAS, Solar Sun World has agreed to resolve its claims against the Defendants and Santa Fe Solar Investments has agreed to resolve its claim against Solar Sun World as set forth in this Settlement Agreement.

NOW, THEREFORE, for and in consideration of the promises and premises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties hereto agree as follows:

1. ***Settlement Payment***:  Within fifteen (15) days following the full execution of this Settlement Agreement, Santa Fe Solar Investments shall pay or cause to be paid to Solar Sun World the total sum of Forty Thousand and No/100 Dollars ($40,000.00) ("Settlement Payment").

2. ***Dismissal of Lawsuit***:  Within ten (10) days following receipt of the Settlement Payment as described in Paragraph 1 above, Solar Sun World shall execute, pursuant to Rule 41(a)(1)(i) of the North Carolina Rules of Civil Procedure, a Notice of Voluntary Dismissal **With** Prejudice as to its claims against Defendants Santa Fe Solar Investments and McCollough in the Lawsuit and Santa Fe Solar Investments shall execute, pursuant to Rule 41(a)(1)(i) of the North Carolina Rules of Civil Procedure, a Notice of Voluntary Dismissal **With** Prejudice as to its claim against Solar Sun World.

3. ***Release by Solar Sun World***:  In consideration of the Settlement Payment and dismissal of the referenced claims in the Lawsuit referenced above and subject to the

2

obligations and promises set forth in this Settlement Agreement, Solar Sun World, its past, present, and future subsidiaries, divisions, affiliates, or related companies or legal entities and respective successors and assigns; and their respective shareholders, directors, officers, managers, members, employees, attorneys, and agents, whether herein named or referred to or not, hereby releases, acquits, and discharges Defendants Santa Fe Solar Investments and McCollough, and their respective heirs, executors, administrators, personal representatives, agents, insurers, and assigns; their past, present, and future subsidiaries, divisions, affiliates, or related companies or legal entities and respective successors and assigns; and their respective shareholders, directors, officers, managers, members, employees, attorneys, and agents; and, any other person or entity whether herein named or referred to or not, including, but not limited to, the Dismissed Defendants, of and from any and all actions, causes of action, claims, demands, liabilities, obligations, damages, costs, attorneys' fees, loss of service, expenses, compensations, and all consequential, punitive, and treble damages of whatsoever kind or nature, whether known or unknown and whether contingent or liquidated, whether at law or in equity, from the beginning of time to and including the effective date of this Settlement Agreement, which arise out of or are in any way related to the facts alleged in the Lawsuit and/or every claim which was asserted in the Lawsuit; except that this release does not release or otherwise affect the Parties' obligations arising from or pursuant to the terms of this Settlement Agreement.

4.      ***Release by Defendants Santa Fe Solar Investments and McCollough***:  In consideration of the Settlement Payment and dismissal of the referenced claims in the Lawsuit referenced above and subject to the obligations and promises set forth in this Settlement Agreement, Defendants Santa Fe Solar Investments and McCollough, and their respective heirs, executors, administrators, personal representatives, agents, insurers, and assigns; its past, present, and future subsidiaries, divisions, affiliates, or related companies or legal entities and respective successors and assigns; and their respective shareholders, directors, officers, managers, members, employees, attorneys, and agents, whether herein named or referred to or not, hereby releases, acquits, and discharges Solar Sun World, and their respective heirs, executors, administrators, personal representatives, agents, insurers, and assigns; their past, present, and future subsidiaries, divisions, affiliates, or related companies or legal entities and respective successors and assigns; and their respective shareholders, directors, officers, managers, members, employees, attorneys, and agents, whether herein named or referred to or not, of and

3

from any and all actions, causes of action, claims, demands, liabilities, obligations, damages, costs, attorneys' fees, loss of service, expenses, compensations, and all consequential, punitive, and treble damages of whatsoever kind or nature, whether known or unknown and whether contingent or liquidated, whether at law or in equity, from the beginning of time to and including the effective date of this Settlement Agreement, which arise out of or are in any way related to the facts alleged in the Counterclaim and/or every claim which was asserted in the Lawsuit; except that this release does not release or otherwise affect the Parties' obligations arising from or pursuant to the terms of this Settlement Agreement. Notwithstanding the foregoing, nothing herein shall be deemed to waive or release the manufacturers' or other warranties including, but not limited to, the 25 year warranty on the modules ~~on~~ *and* the 10 year warranty on the SMA inverters.

5.     ***No Admission of Liability***:  The Parties hereto agree that this Settlement Agreement is a settlement of disputed claims and that neither this Settlement Agreement nor the performance of any action hereunder shall be deemed an admission of any wrongdoing by or liability of any Party.

6.     ***Advice of Legal Counsel***:  The Parties acknowledge that:

a.     They are entering into this Settlement Agreement of their own accord and without coercion or pressure of any kind;

b.     The Parties have sought and obtained independent legal advice from counsel of their own selection;

c.     They have been duly apprised of their respective legal rights, whether legal or equitable, and regardless of whether arising under the laws of the United States, any territory thereof, or any foreign jurisdiction;

d.     All of the provisions of this Settlement Agreement, as well as all questions pertinent thereto, have been fully and satisfactorily explained to them; and,

e.     They have given due consideration to such provisions and questions and answers and each understands them clearly.

7.     ***Severability***:  The provisions of this Settlement Agreement are severable. If any provision of this Settlement Agreement is held invalid, illegal, or unenforceable, the remainder of the Settlement Agreement shall remain in full force and effect, provided the essential purposes of the Settlement Agreement are maintained.

4

Electronically Filed - Lawrence - April 16, 2019 - 04:26 PM

8.  *Governing Law*:  The laws of the State of North Carolina shall govern and control the validity, interpretation, performance, and enforcement of this Settlement Agreement.

9.  *Unknown Facts and Claims:*  The Parties acknowledge that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to the matters related herein.  Nevertheless, it is their intention to fully, finally, and forever settle and release all such matters and all claims as described in this Settlement Agreement related to the Lawsuit and the Counterclaim, which now exist, heretofore have existed, or hereinafter may exist between and among the Parties as set forth in this Settlement Agreement.  In furtherance of such intention, the mutual Release given in this Settlement Agreement shall be and remain in effect as a full, complete, and final release of all such matters, notwithstanding any later discovery of any additional facts or claims related thereto.

10.  *Amendment*:  The terms of this Settlement Agreement may not be amended, modified, or waived, except by written agreement duly executed by the Parties hereto.

11.  *Authority of Representatives*:  Solar Sun World and Santa Fe Solar Investments represent and warrant that their undersigned representatives have been, and are, duly, properly, and fully authorized to sign and enter into this Settlement Agreement on their behalf, and that they have not transferred, assigned, or conveyed to any other entity, person, or agency any of the claims, causes of action, rights, interest, or title which are the subject of this Settlement Agreement.

12.  *Incorporation of Recitals:*  The recitals contained in this Settlement Agreement are a material part of this Settlement Agreement and are incorporated by reference and included as part of this Settlement Agreement.

13.  *Expenses*:  The Parties agree to pay and bear their own attorneys' fees and all other costs and expenses in connection with the dispute described in this Settlement Agreement and in connection with this Settlement Agreement.  The cost of the mediator shall be divided equally between Solar Sun World and Santa Fe Solar Investments.

14.  *Counterparts*:  This Settlement Agreement may be executed in any number of duplicate originals or separate counterparts, all of which together shall constitute one and the same instrument.  These counterparts may be transmitted via facsimile, email (as a digitally scanned or stored image), or other electronic means.

5

WHEREFORE, Solar Sun World, Santa Fe Solar Investments, M. McCollough and R. McCollough execute this Settlement Agreement effective as of the day and year first above written. Each Party signing below recognizes and agrees that his or its signature is signed with the intent that this Settlement Agreement is executed as a sealed instrument.

SOLAR SUN WORLD, LLC

By _____ [SEAL]
     Josef Kullmann, Manager

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

    I, _Kathleen M Barnes_____, a Notary Public in and for said County and State, do hereby certify that JOSEF KULLMANN before me this day personally appeared, who being by me first duly sworn, says that he is a manager of SOLAR SUN WORLD, LLC, the limited liability company described in and which executed the foregoing instrument; that he executed said instrument in the limited liability company name by subscribing his name thereto; and that the instrument is the act and deed of said limited liability company.

Date _____

Signature of Notary Public

My commission expires: 3/14/2020

[Signatures and notary acknowledgements
continue on next page]

6

Electronically Filed - Lawrence - April 16, 2019 - 04:26 PM


William Mark McCollough                                    [SEAL]

BUNCOMBE COUNTY, NORTH CAROLINA

I certify that the following person personally appeared before me this day, acknowledging to me that he signed the foregoing document: William Mark McCollough

Date 5/1/2018                    Kathleen M. Barnes
                                 Notary Public

My commission expires: 3/14/2020

                        Robin A McCollough            [SEAL]
Robin A. McCollough

BUNCOMBE COUNTY, NORTH CAROLINA

I certify that the following person personally appeared before me this day, acknowledging to me that he signed the foregoing document: Robin A. McCollough

Date 5/1/2018                    Kathleen M. Barnes
                                 Notary Public

My commission expires:

3/14/2020

[Signatures and notary acknowledgements
continue on next page]

7

SANTA FE SOLAR INVESTMENTS, LLC

By _____ [SEAL]
William Mark McCollough, Manager

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

I, _Kathleen M Barnes_____, a Notary Public in and for said County and State, do hereby certify that WILLIAM MARK MCCOLLOUGH before me this day personally appeared, who being by me first duly sworn, says that he is a manager of SANTA FE SOLAR INVESTMENTS, LLC, the limited liability company described in and which executed the foregoing instrument; that he executed said instrument in the limited liability company name by subscribing his name thereto; and that the instrument is the act and deed of said limited liability company.

Date _____

(Official Seal)

Signature of Notary Public

My commission expires: _3|14|2020_

4831-9107-1076, v. 1

8

# EXHIBIT 1.3



# IN THE 39TH JUDICIAL CIRCUIT, LAWRENCE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JACK AARON LOUIS GOODMAN | Case Number: 19LW-CC00041 |
| Plaintiff/Petitioner:<br><br>SANTA FE RANCH ENTERPRISES, LLC<br>F/K/A SANTA FE RANCH HOLDING<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JUDSON BARCLAY POPPEN<br>1949 E SUNSHINE STE 1-130<br>PO BOX 10327<br>SPRINGFIELD, MO 65808-0327 |
| Defendant/Respondent:<br>NATIONWIDE AGRIBUSINESS INS. CO. | Court Address:<br>JUSTICE CENTER<br>240 NORTH MAIN<br>STE 110<br>MOUNT VERNON, MO 65712 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **NATIONWIDE AGRIBUSINESS INS. CO.**

Alias:

JOHN REHAGEN DIRECTOR OF INSURANC
MISSOURI DEPTARTMENT OF INSURANCE
TRUMAN STATE OFFICE BLDG, RM 530
JEFFERSON CITY, MO 65102

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*LAWRENCE COUNTY*

| APRIL 1, 2019 | /S/ PAMELA I FOBAIR BY CHRISTINE HIRSCH |
|---|---|
| _____ | _____ |
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____ _____
Date  Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 19-SMCC-367** 1 of 1 Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:19-cv-05040-SRB   Document 1-1   Filed 05/22/19   Page 22 of 26

# EXHIBIT 1.4



# IN THE 39TH JUDICIAL CIRCUIT, LAWRENCE COUNTY, MISSOURI

**RECEIVED**

APR 22 2019

COLE COUNTY
SHERIFF'S OFFICE

| | |
|---|---|
| Judge or Division:<br>JACK AARON LOUIS GOODMAN | Case Number: 19LW-CC00041 |
| Plaintiff/Petitioner:<br>SANTA FE RANCH ENTERPRISES, LLC<br>F/K/A SANTA FE RANCH HOLDING<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JUDSON BARCLAY POPPEN<br>1949 E SUNSHINE STE 1-130<br>PO BOX 10327<br>SPRINGFIELD, MO 65808-0327 |
| Defendant/Respondent:<br>NATIONWIDE AGRIBUSINESS INS. CO. | Court Address:<br>JUSTICE CENTER<br>240 NORTH MAIN<br>STE 110<br>MOUNT VERNON, MO 65712 |
| Nature of Suit:<br>CC Other Tort | |

**FILED**
PAMELA I. FOBAIR
MAY 09 2019
CIRCUIT CLERK
LAWRENCE COUNTY (Date File Stamp)

## Summons in Civil Case

| |
|---|
| The State of Missouri to: **NATIONWIDE AGRIBUSINESS INS. CO.**<br>**Alias:**<br>JOHN REHAGEN DIRECTOR OF INSURANC<br>MISSOURI DEPTARTMENT OF INSURANCE<br>TRUMAN STATE OFFICE BLDG, RM 530<br>JEFFERSON CITY, MO 65102 |

*COURT SEAL OF*

*LAWRENCE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

APRIL 1, 2019                    /S/ PAMELA I FOBAIR BY CHRISTINE HIRSCH

| Date | Clerk |
|---|---|

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
John Conrace (name) Designee (title).

☐ other: _____

Served at 301 W. High St (address)

in Cole (County/City of St. Louis), MO, on 4/26/19 (date) at 9:15A (time).

Sheriff _____    By _____ 81

Printed Name of Sheriff or Server         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer.**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

| Date | Notary Public |
|---|---|

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ _____ |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only: Document Id # 19-SMCC-367*   1 of 1         Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:19-cv-05040-SRB   Document 1-1   Filed 05/22/19   Page 24 of 26

# EXHIBIT 1.5

State of Missouri


FILED
PAMELA I. FOBAIR
MAY 1 5 2019
CIRCUIT CLERK
LAWRENCE COUNTY, MO



## Department of Insurance, Financial Institutions and Professional Registration

**TO:**   Corporate Secretary (or United States Manager or Last Appointed General Agent) of

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY
CSC LAWYERS INCORPORATING SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**RE:**   Court: Lawrence Co. Circuit Court, Case Number: 19LW-CC00041

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Insurance, Financial Institutions and Professional Registration of the state of Missouri, Dated at Jefferson City, Missouri this Friday, April 26, 2019.

_Chlora Lindley Myers_

Director of Insurance, Financial Institutions and
Professional Registration

---

AFFIDAVIT

State of Missouri,
                    ss.
County of Cole,

The undersigned Director of the Department of Insurance, Financial Institutions and Professional Registration or the Director's designated agent, hereby makes oath and certifies the original of the above notice to the above addressee was mailed at the United States Post Office in Jefferson City, Missouri on _April 29, 2019_ by first class certified mail prepaid as provided by section 375.906.5, RSMo. and Supreme Court Rule 54.15

Director, Department of Insurance,
Financial Institutions and Professional Registration

By:   _Kathryn Latimer_

Subscribed and sworn to before me this _29_ day of _April_, _2019_

_Ruby Sanders_
Notary Public

My commission expires: _____

KIMBERLY LANDERS
My Commission Expires
May 18, 2020
Callaway County
Commission #12558402

301 West High Street, Room 530, P.O. Box 690 / JeffersonCity, Missouri 55102-0690
Telephone 573-751-2619 / TDD 1-573-526-4536 (Hearing Impaired)
http://www.difp.mo.gov