**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| PATRICIA BLOUNT and SANTA FE RANCH ENTERPRISES, LLC, f/k/a SANTA FE RANCH HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:19-cv-05040-SRB |

**ORDER**

Before the Court is Defendant Nationwide Agribusiness Insurance Company's Motion to Dismiss Plaintiffs' First Amended Complaint. (Doc. #17). For the following reasons the motion is GRANTED IN PART and DENIED IN PART.

**I.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).  The Court must accept all facts alleged in the complaint as true when

deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

II.   **Background**

Plaintiffs Patricia Blount and Santa Fe Ranch Enterprises, LLC, f/k/a Santa Fe Ranch Holdings, LLC, allege the following facts, which the Court accepts as true in deciding Defendant's motion. *Data Mfg.*, 557 F.3d at 851. Plaintiffs own a ranch near Miller, Missouri (the "Ranch"). Plaintiffs maintained farm liability insurance coverage through an insurance policy with Defendant, which was in effect during August of 2015. "Plaintiffs were third-party beneficiaries to [an] agreement with Solar Sun World, LLC [("Solar Sun World")] for the purchase and installation" of solar panels at the Ranch. (Doc. #12, ¶ 7). On August 12, 2015, "approximately 704 solar panels for the construction of the solar arrays, arranged on 24 pallets, were delivered to the Ranch and stored at the Ranch." (Doc. #12, ¶ 10). On August 16, 2015, "the barn at the Ranch caught fire, destroying all but one pallet of the solar panels." (Doc. #12, ¶ 11).

Because Solar Sun World "threatened to sue" Plaintiffs, Defendant "agreed to pay Solar Sun World, LLC $55,000 for a full settlement of all claims . . . ." (Doc. #12, ¶¶ 13, 14). Defendant, "however, failed to settle the claim in a manner in which Plaintiffs' owners and agents were released from future claims arising out of the same occurrence." (Doc. #12, ¶ 16). "Defendant Nationwide was able to negotiate a lower settlement by not releasing Plaintiffs from liability or refused to settle the claims within policy limits." (Doc. #12, ¶ 32). Solar Sun World then filed a state-court lawsuit (the "Lawsuit") against Plaintiffs "arising from the loss of the 23

2

pallets of solar panels that were destroyed at the Ranch . . . ." (Doc. #12, ¶ 17). "Plaintiffs were forced to litigate with Solar Sun World" and "requested the insurance file from Defendant Nationwide in order to obtain all of the settlement documents from the prior settlement negotiations . . . ." (Doc. #12, ¶¶ 20–21). Defendant "never provided any documents" to Plaintiffs. (Doc. #12, ¶ 21). "Defendant's failure to produce Plaintiffs' insurance claims file restricted the defense Plaintiffs had in the Lawsuit . . . ." (Doc. #12, ¶ 46). Plaintiffs formed a settlement agreement with Solar Sun World, under which Plaintiffs paid Solar Sun World $40,000 in exchange for being "released form any and all claims of Solar Sun World, LLC on account of the fire at the Ranch." (Doc. #12, ¶ 23). Plaintiffs bring four causes of action against Defendant: negligence (Count I), bad faith failure to settle within policy limits (Count II), breach of fiduciary duty (Count III), and breach of legal duty (Count IV).

### III.     Discussion

#### A.  Negligence (Count I)

Defendant argues Plaintiffs' negligence claim "fails to allege any independent tortious conduct (distinct from a purported alleged breach of the [insurance policy]) that could serve as a basis for an independent and separate negligence claim." (Doc. #18, pp. 5–6). Plaintiffs argue that their claim "Defendant negligently drafted a settlement agreement and release that did not in fact release Plaintiffs from collateral litigation . . . is unrelated to a breach of the [insurance] policy." (Doc. #19, p. 3).

"Missouri courts allow for tort claims by an insured against an insurer where: (1) the claim is for bad faith refusal to settle a claim brought by a third party; or (2) the claim is based on conduct distinct from conduct constituting a breach of the insurance contract." *Sentry Select Ins. Co. v. Hosmer,* No. 08-4254-CV-C-NKL, 2009 WL 2151557, at *8 (W.D. Mo. July 17,

3

2009) (citing *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. banc 2000)). Plaintiffs' claim that Defendant negligently drafted a settlement agreement that did not release Plaintiffs from liability is "not distinct from conduct which would constitute a breach of the [insurance policy]." *Sentry Select*, 2009 WL 2151557, at *8. Much like the negligent claims handling cause of action in *Sentry Select* was "based entirely on Sentry's breach of the Policy," Plaintiffs' claim that Defendant negligently drafted the settlement agreement "relates to [Defendant's] refusal to defend [Plaintiffs] and to settle claims against [Plaintiffs] pursuant to the [insurance policy]." *Id.; Springfield Soc. Club v. Aspen Specialty Ins. Co.*, No. 11-3366-CV-S-RED, 2012 WL 12896252, at *2 (W.D. Mo. Feb. 6, 2012) ("[I]t is clear that Plaintiff would have no claim for negligent claims handling absent the insurance contract between the parties. Without the insurance contract . . . Defendant would have no duty to act in the best interest of Plaintiff, to properly investigate [the] claim, to properly determine the issue of coverage or to settle or pay out on [the] claim[.]")

  Plaintiffs cite no support for their contention that Defendant's alleged negligence arises out of a duty of care the insurer owes the insured that is unrelated to the insurance contract. Plaintiffs' reliance on *Overcast* is misplaced. In *Overcast*, the Missouri Supreme Court recognized defamation as a tort claim independent of conduct constituting a breach of insurance contract. 11 S.W.3d at 68. Plaintiffs cite no case in which the Missouri Supreme Court recognized "the negligent drafting of [a] release" as a tort claim "distinct from conduct constituting a breach of the insurance contract." *Sentry Select*, 2009 WL 2151557, at *8. Defendant's motion to dismiss Count I is granted.

## B. Bad Faith Failure to Settle Within Policy Limits (Count II)

Defendant argues Plaintiffs' claim for bad faith failure to settle within policy limits lacks factual support sufficient to survive a motion to dismiss. Plaintiffs argue they "have pled facts sufficient to state a bad faith claim." (Doc. #19, p. 6). An "insurance company is held to a duty to act in good faith to protect the interests of its insured." *Overcast*, 11 S.W.3d at 67. "Inherent in a policy of insurance is the insurer's obligation to act in good faith regarding settlement of a claim." *Truck Ins. Exch. v. Prairie Framing, LLC*, 162 S.W.3d 64, 93 (Mo. App. W.D. 2005). A claim for bad faith failure to settle within policy limits "is a tort action based on the insurer's failure to protect the interests of its insured." *Shobe v. Kelly*, 279 S.W.3d 203, 212 (Mo. App. W.D. 2009). The elements of a claim for bad faith failure to settle within policy limits are:

> (1) the liability insurer has assumed control over negotiation, settlement, and legal proceedings brought against the insured; (2) the insured has demanded that the insurer settle the claim brought against the insured; (3) the insurer refuses to settle the claim within the liability limits of the policy; and (4) in so refusing, the insurer acts in bad faith, rather than negligently.

*Rinehart v. Shelter Gen. Ins. Co.*, 261 S.W.3d 583, 595 (Mo. App. W.D. 2008). "The insurance company incurs liability exposure in such 'bad faith' claims when the company refuses to settle a claim within the policy limits and the insured is subjected to a judgment in excess of the policy limits as a result of the company's bad faith in disregarding the interests of its insured . . . ." *Overcast*, 11 S.W.3d at 67–68.

Plaintiffs have pled a plausible claim for bad faith failure to settle within policy limits. Plaintiffs allege Defendant "negotiated a settlement with Solar Sun World, LLC that was in Defendant's best interest and not the best interests of its insured." (Doc. #12, ¶ 31). Plaintiffs allege Defendant "was able to negotiate a lower settlement by not releasing Plaintiffs from liability or refused to settle the claims within policy limits." (Doc. #12, ¶ 32). Plaintiffs allege

5

"Defendant was able to reduce [its] cost in the defense of the initial claim by Solar Sun World, LLC by either entering into a settlement agreement that did not include a release of Plaintiffs and the agents of the insureds or not settling at all." (Doc. #12, ¶ 33). Plaintiffs allege "Defendant's settlement with Solar Sun World, LLC that did not release the liability of Plaintiffs was an intentional disregard of Plaintiffs' financial interests." (Doc. #12, ¶ 35). Plaintiffs allege "Defendant's settlement with Solar Sun World, LLC that did not release the liability of Plaintiffs exposed Plaintiffs to possible personal exposure with collateral litigation." (Doc. #12, ¶ 36). Plaintiffs allege that "[o]n account of Defendant Nationwide's bad faith, Plaintiffs were subjected to additional litigation costs and attorney's fees." (Doc. #12, ¶ 39). The above allegations "allow[] the court to draw the reasonable inference" that Defendant is liable for bad faith failure to settle within policy limits. *Ash*, 799 F.3d at 960. Defendant's motion to dismiss Count II is denied.

### C. Breach of Fiduciary Duty (Count III)

Defendant argues Plaintiffs' claim for breach of fiduciary duty is not legally cognizable under Missouri law. Defendant argues Plaintiffs' claim is duplicative of the claim for bad faith failure to settle within policy limits. Defendant also argues that Plaintiffs offer only mere conclusory statements to support their claim for breach of fiduciary duty, which is insufficient to survive a motion to dismiss. Plaintiffs argue "Missouri courts have clearly 'recognized insureds' claims for breaches of fiduciary duty against their insurers.'" (Doc. #19, p. 7) (quoting *Sentry Select*, 2009 WL 2151557, at *9). Plaintiffs also argue they have pled sufficient facts to support their claim and survive a motion to dismiss.

Missouri courts have recognized a claim for breach of fiduciary duty. *Id.* ("Missouri Courts have consistently recognized that an insurer's right to control settlement and litigation

under a liability insurance policy creates a fiduciary relationship between insurer and insured that can support a claim for breach of fiduciary duty.") (internal citations and punctuation omitted). "Under Missouri law, a claim for breach of fiduciary duty requires four elements: (1) the existence of a fiduciary relationship between the parties, (2) a breach of that fiduciary duty, (3) causation, and (4) harm." *Id.* (internal citation and quotation marks omitted).

Plaintiffs' breach of fiduciary duty claim is not duplicative of Plaintiffs' claim for bad faith failure to settle within policy limits because the breach of fiduciary duty claim is based on distinct facts. Plaintiffs allege they "requested that Defendant supply them with a full and complete copy of the insurance claims file, and Defendant failed and refused, and continues to fail and refuse, to comply with that request." (Doc. #12, ¶ 44). Plaintiffs allege "Defendant owed a fiduciary duty to Plaintiffs to supply a copy of the claims file" and breached its duty by failing and refusing to produce the file. (Doc. #12, ¶¶ 48, 49). Plaintiffs allege that "[d]ue to Defendant's failure to produce Plaintiffs' insurance claims file, Plaintiffs were harmed by their inability to use the claims as a defense to the Lawsuit." (Doc. #12, ¶ 45). Plaintiffs allege that "Defendant's failure to produce Plaintiffs' insurance claims file restricted the defenses Plaintiffs had in the Lawsuit and caused Plaintiffs to incur substantial legal fees and ultimately pay Solar Sun World, LLC $40,000." (Doc. #12, ¶ 46). The above allegations "allow[] the court to draw the reasonable inference" that Defendant is liable for breach of fiduciary duty. *Ash*, 799 F.3d at 960. Defendant's motion to dismiss Count III is denied.

### D. Breach of Legal Duty (Count IV)

Defendant argues Plaintiffs' claim for breach of legal duty "is entirely invented and finds no support in Missouri case law." (Doc. #18, p. 2). Defendant argues Plaintiffs' breach of legal duty claim is duplicative of Plaintiffs' claims for bad faith failure to settle within policy limits

7

and breach of fiduciary duty. Defendant also argues that Plaintiffs offer only mere conclusory statements to support their claim for breach of legal duty, which is insufficient to survive a motion to dismiss. Plaintiffs argue that a claim for breach of legal duty is contemplated under Missouri law and that Plaintiffs pled sufficient facts to survive a motion to dismiss.

*Grewell v. State Farm Mut. Auto. Ins. Co.*, 102 S.W.3d 33, 37 (Mo. banc 2003) ("*Grewell I*"), contemplates a cause of action for breach of duty when insureds "request[], and [are] subsequently denied their rightful access to their claims file." Further, in *Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 507 (Mo. App. W.D. 2005) ("*Grewell II*") (internal citation omitted), the Missouri Court of Appeals determined that "special circumstances [warranting attorney's fees] can . . . arise when the breach of a legal duty causes the wronged party to become involved in collateral litigation." The Missouri Court of Appeals determined that "based on the nature of the protected relationship between the insurer and insured, [the insurer has] a duty to provide the [insureds] unimpeded access to the claims file." *Id.* Plaintiffs allege "Defendant had a legal duty to produce the insurance claims file to Plaintiffs upon request." (Doc. #12, ¶ 59). Plaintiffs allege "Defendant breached its legal duty to its insureds, Plaintiffs, by failing and refusing to produce the insurance claims file for the [insurance policy] and by continuing to fail and refuse to produce the claims file." (Doc. #12, ¶ 60). Plaintiffs allege they "became involved in collateral litigation due to the breach" and "Plaintiffs were unable to properly defend in the Lawsuit due to the breach . . . thus, attorney fees should be awarded." (Doc. #12, ¶¶ 62, 64).

Defendant argues that *Henry v. Farmers Ins. Co., Inc.*, 444 S.W. 3d 471, 482 (Mo. App. W.D. 2014), which distinguished *Grewell II*, applies here. In *Henry*, the Missouri Court of Appeals affirmed the lower court's entry of summary judgment in favor of an insurer based on

factual distinctions between *Henry* and *Grewell II*.  Here, at this early stage in litigation, discovery has yet to occur.  Whether special circumstances warranting an award of attorney's fees exist in this case is not yet apparent.  Plaintiffs have set forth a plausible claim that "allows the court to draw the reasonable inference" that Defendant is liable for breach of its duty to Plaintiffs by failing to produce the claims file.  *Ash*, 799 F.3d at 960.  Further, the Court finds Plaintiffs' Count IV is not duplicative of Plaintiffs' other claims, as argued by Defendant.  Rather, Plaintiffs' claim for breach of legal duty is a theory of liability distinct from Plaintiffs' other claims.  *See Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 547 (8th Cir. 2017) (holding district court erred in dismissing count as duplicative of another count when the two claims asserted different theories of liability).  Defendant's motion to dismiss Count IV is denied.

**IV.** **Conclusion**

Accordingly, it is **ORDERED** that Defendant Nationwide Agribusiness Insurance Company's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. #17) is granted in part and denied in part.  Defendant's motion to dismiss Plaintiffs' Count I for negligence is granted.  Defendant's motion to dismiss Counts II–IV is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2019